# IN THE SUPREME COURT OF IOWA

No. 75 / 16–0824

Filed April 27, 2018

**STATE OF IOWA,**

Appellee,

vs.

**JOHN WALTER MULDER,**

Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Sioux County, Steven J. Andreasen, Judge.

A juvenile offender appeals from resentence by the district court to life imprisonment with parole after forty-two years. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**

Jared R. Weber of Weber Law Office, Orange City, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, and Thomas Kunstle, County Attorney, for appellee.

**PER CURIAM.**

In this appeal, we again consider the constitutionality of Iowa's statute governing the sentencing of juvenile offenders convicted of first-degree murder. The case involves a murder committed by a fourteen-year-old boy in 1976. The crime took a life and forever altered the lives of others. For the young offender, it resulted in a sentence of lifetime imprisonment without the possibility of parole. In 2016, he was returned to the district court for resentencing under new procedures and sentencing options not available to juvenile offenders in 1976. The juvenile offender was fifty-four years old at the time and had been in prison for thirty-seven years. Following the resentencing hearing, the district court sentenced the offender to life imprisonment with eligibility for parole after forty-two years. This sentence meant eligibility for parole at age fifty-nine.

On appeal, the defendant claims the forty-two-year term of imprisonment before eligibility for parole violates the prohibition against cruel and unusual punishment under article I, section 17 of the Iowa Constitution because the term of imprisonment is equivalent to a life sentence without parole. He also claims the district court improperly considered the factors in mitigation of punishment.

The court of appeals affirmed the sentence of the district court. On further review, we find it unnecessary to address the constitutionality of the sentence as equivalent to a life sentence without parole. Instead, we conclude the resentencing failed to meet the standards established in *State v. Roby*, 897 N.W.2d 127 (Iowa 2017), decided after the sentencing hearing in district court. Accordingly, we vacate the decision of the court of appeals, reverse the decision of the district court, and remand the case for resentencing in light of *Roby.*

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**

All justices concur except Hecht, J., who takes no part.

This opinion shall not be published.